In three actions to foreclose building loan mortgages on three Staten Island properties, defendant Burt Millwork Corporation appeals from three orders of the Supreme Court, Richmond County, all entered August 14, 1979, each of which as to each action (1) converted plaintiffs motion to dismiss appellant’s counterclaims pursuant to CPLR 3211 (subd [a], par 7) and to strike appellant’s affirmative defenses pursuant to CPLR 3211 (subd [b]) into a motion for summary judgment under CPLR 3211 (subd [c]), and granted same; (2) dismissed appellant’s counterclaims and struck appellant’s answer and affirmative defenses; and (3) denied appellant’s cross motion for leave to serve an amended answer pursuant to CPLR 3025 (subd [b]). Orders modified by deleting the first decretal paragraph of each order and by deleting from the second decretal paragraph of each order the words "answer and”. As so modified, orders affirmed, without costs or disbursements. We find that Special Term correctly dismissed appellant’s counterclaims, and correctly struck appellant’s affirmative defenses as nonmeritorious. Said counterclaims and defenses were founded on an incorrect interpretation of subdivisions (2) and (3) of section 13 of the Lien Law, and they amounted to mere conclusory allegations, insufficient under the minimal notice pleading requirement of CPLR 3013, or under the slightly more stringent requirement with respect to particularizing the material elements of an alleged fraud under CPLR 3016 (subd [b]). We further find that Special Term did not abuse its discretion by denying appellant’s motion for leave to amend its answer, since the proposed new matter, which largely recapitulates what was in the original answer, is without prima facie merit. However, Special Term improperly deemed plaintiff’s motions to be motions for summary judgment because the court failed to comply with the notice requirements of CPLR 3211 (subd [c]). The procedural condition precedent for such a conversion, i.e., adequate bilateral notice of same, was necessary to provide the requisite notice of prospective summary judgment treatment to plaintiff and appellant. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.